NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOANN WHITEHEAD,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF MONMOUTH, FRANK TRAGNO, and GERALDINE L. THOMPSON CARE CENTER,<br><br>Defendants. | Civ. No. 15-5352<br><br>**OPINION** |

THOMPSON, U.S.D.J.

      This matter appears before the Court upon the Motion of Defendants the County of Monmouth, Frank Tragno, and the Geraldine L. Thompson Care Center (collectively "Defendants") to dismiss the Complaint of Plaintiff Joann Whitehead. (ECF No. 4.) Plaintiff opposes. (ECF No. 7.) After reviewing the parties' submissions and without oral arguments pursuant to Local Civil Rule 78.1(b), the Court will grant Defendants' motion.

BACKGROUND

      Plaintiff's action alleges a violation of New Jersey's Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5–1 *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence. Defendants removed the case to federal court on the basis of federal question jurisdiction under 28 U.S.C. § 1331. It appears that Plaintiff and all Defendants are citizens of New Jersey.

      Plaintiff alleges the following facts in her Complaint. She is an employee of Defendant County of Monmouth. She suffers from a disability and claims that Defendants were aware of

her disability. According to Plaintiff, on June 5, 2014 Defendant Tragno, also an employee of the County, called Plaintiff into his office along with three representatives of Defendant Geraldine L. Thompson Care Center for a thirty minute discussion. Tragno explained that he had received a complaint of someone urinating and defecating in a handicapped bathroom in the County administrative building and accused Plaintiff of doing so. Plaintiff alleges that Tragno asked her personal and embarrassing questions in the presence of the Care Center representatives. Plaintiff states that she told Tragno to speak with the Buildings and Grounds department about the complaint. During the meeting, Tragno was informed by that department's supervisor that there was no urine or feces on the floor of the handicapped bathroom; there was only water. After learning this, Tragno allegedly told Plaintiff not to tell anyone about his questioning of her. In addition, Plaintiff claims that Tragno intended to question other employees about the bathroom incident but did not.

Plaintiff initially filed her five count complaint in state court, but Defendants removed the matter to this Court on July 9, 2015. (ECF No. 1.) Defendants then filed the present motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on July 29, 2015. (ECF No. 4.)

DISCUSSION

A. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, and the defendant bears the burden of showing that no claim has been presented. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993); *Hedges v. U.S.*, 404 F.3d 744, 750 (3d Cir. 2005). When assessing a Rule 12(b)(6) motion, district courts conduct a three-part analysis, considering only the Complaint and its attached exhibits and matters of public record. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Pension Ben. Guar. Corp. v.*

*White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff but may disregard legal conclusions. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). Third, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679). Bare allegations of entitlement to relief and demonstrations of a "mere possibility of misconduct" are insufficient; rather, the facts must allow a court reasonably to infer "that the defendant is liable for the misconduct alleged." *Id*. at 210–11 (quoting *Iqbal*, 556 U.S. at 678–79).

  B. Analysis

  1. <u>Count I: NJLAD Claim</u>

"The NJLAD prohibits unlawful discrimination against an individual with respect to terms and conditions of employment because of various traits and characteristics, including, but not limited to, race, religion, age, sex and disability." *Davis v. Supervalu, Inc.*, No. 13-414 JBS/JS, 2013 WL 1704295, at *4 (D.N.J. Apr. 19, 2013) (citing N.J.S.A. 10:5–12(a)). Discrimination claims under the NJLAD are assessed under the *McDonnell-Douglas* burden-shifting framework. *Victor v. State*, 203 N.J. 383, 408 (2010). To assert a prima facie case of discrimination under the NJLAD, a plaintiff must establish that she "(1) belongs to a protected class; (2) was performing a job at a level that met the employer's legitimate expectations; (3) suffered an adverse employment action; and (4) others not within the protected class did not suffer similar adverse employment actions." *Maclean v. Stuart Weitzman Shoes*, 863 F. Supp. 2d 387, 391 (D.N.J. 2012) (citing *Zive v. Stanley Roberts, Inc.*, 192 N.J. 436, 447 (2005)). In the

specific context of disability discrimination, to satisfy the first element for a prima facie case the plaintiff must demonstrate that she qualifies as an individual with a disability or is perceived as having a disability, as defined by the statute;[1] to satisfy the second element the plaintiff must show "she is qualified to perform the essential functions of the job, or was performing those essential functions, either with or without a reasonable accommodation." *Victor*, 203 N.J. at 410; *see also Lopez v. Lopez*, 997 F. Supp. 2d 356, 272 (D.N.J. 2014).

Here Defendants assert that the Complaint fails to adequately allege Plaintiff's membership in a protected class and does not identify any adverse employment action taken against Plaintiff as a result of her belonging to a protected class. Indeed the Complaint merely states that "Plaintiff suffers from a disability" and that she "is a member of a protected class," without providing a single factual detail to support such conclusory claims. (Comp. at 3–4, ECF No. 1.) Plaintiff has not alleged sufficient facts for the Court to reasonably infer that the first required element of a prima facie NJLAD claim is satisfied. In addition, the Complaint fails to provide adequate notice of what specific NJLAD violation is being asserted because she has not identified what adverse employment action was taken against her.[2] Therefore Count I will be dismissed without prejudice.

---

[1] Notably, the NJLAD's conception of a disability is broader than the ADA's definition. *See Victor*, 203 N.J. at 410 n.11.

[2] Plaintiff seems to assert in her opposition brief that Defendant Tragno's meeting with Plaintiff regarding the bathroom incident was so outrageous that it changed the "terms and conditions of employment." (Pl.'s Opp. Br. at 3, ECF No. 7.) It thus appears that Plaintiff seeks to assert a hostile work environment claim under the NJLAD, but in the Complaint there is no reference to such a claim or to a change in the terms and conditions of employment. "[A] complaint cannot be amended (or supplemented) by way of an opposition brief." *Swift v. Pandey*, No. 13-649 (JLL), 2013 WL 6022093, at *2 (D.N.J. Nov. 13, 2013) (citing *Pa. ex rel. Zimmerman v. Pepsico*, 830 F.2d 173 (3d Cir. 1998) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.")).

    2. *Count II: ADA Claim*

The ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). In order to demonstrate a prima facie case of discrimination under the ADA, a plaintiff must show "(1) [s]he is a disabled person within the meaning of the ADA; (2) [s]he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer, and (3) [s]he has suffered an otherwise adverse employment decision as a result of discrimination." *Williams v. Phila. Hous. Auth. Police Dep't.*, 380 F.3d 751, 761 (3d Cir. 2004) (internal citations omitted). The ADA defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102.

Defendants argue that Plaintiff's ADA claim must be dismissed because the Complaint failed to adequately plead Plaintiff's disability, Defendants' knowledge of such disability, and an adverse employment action. The Court agrees. As explained above, the Complaint merely states that Plaintiff has an unspecified disability without any further elaboration, but to receive protection under the ADA, Plaintiff must suffer from a disability that falls within the statutory definition. Plaintiff's Complaint does not provide any facts to support such a finding, thus warranting dismissal. *See, e.g.*, *Amiot v. Kemper Ins. Co.*, 122 F. App'x 577, 580 (3d Cir. 2004) (affirming dismissal of an ADA claim where the plaintiff failed to allege a disability within the meaning of the statute); *Wright v. City of Trenton*, No. 06-3832 (GEB), 2007 WL 2705162, at *2 (D.N.J. Sept. 17, 2007) (granting dismissal of an ADA claim where the plaintiff failed to identify in his complaint what his disability was). Furthermore Plaintiff's Complaint also fails to plead any facts indicating Defendants regarded her as disabled. *See, e.g.*, *Grazioli v. Genuine Parts*

*Co.*, 409 F. Supp. 2d 569, 585–86 (D.N.J. Dec. 30, 2005) (granting summary judgment to the employer on the employee's ADA claim where the employee failed to establish that the employer believed the employee was disabled).   Lastly, as explained above, Plaintiff has not sufficiently alleged any adverse employment action.[3]   Therefore, Count II will be dismissed without prejudice.

   3.  *Remaining Counts III, IV, V*

With respect to Plaintiff's three remaining claims of intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence, Defendants assert that the NJLAD preempts common law claims based on the same facts as the NJLAD claim.  *See, e.g.*, *Gaines v. UPS, Inc.*, No. 2:13-3709 (KM) (MCA), 2014 WL 1450113, at *5–7 (D.N.J. Apr. 14, 2014) (collecting numerous cases and dismissing negligence and intentional infliction of emotional distress claims that were based on the same operative facts as the NJLAD claim and therefore preempted).   Plaintiff has not contested this argument in her opposition brief.   Therefore the Court will dismiss Counts III, IV, and V with prejudice.

## CONCLUSION

For the reasons above, the Court will grant Defendants' motion.   Counts I and II of the Complaint will be dismissed without prejudice, but Counts III, IV, and V will be dismissed with prejudice.   Plaintiff may refile an Amended Complaint within 30 days if she can correct the deficiencies above.   A corresponding Order follows.

                                                 */s/ Anne E. Thompson*
                                           ANNE E. THOMPSON, U.S.D.J.

---

[3] Again, to the extent Plaintiff seeks to assert a hostile work environment ADA claim, the Complaint fails to provide adequate notice of such a claim.