NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOANN WHITEHEAD,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF MONMOUTH, FRANK TRAGNO, and GERALDINE L. THOMPSON CARE CENTER,<br><br>Defendants. | Civ. No. 15-5352<br><br>**OPINION** |

THOMPSON, U.S.D.J.

This matter comes before the Court upon the motion of Defendants the County of Monmouth, Frank Tragno, and the Geraldine L. Thompson Care Center (collectively "Defendants") to dismiss the complaint of Plaintiff Joann Whitehead. (ECF No. 12). Plaintiff opposes. (ECF No. 13). After reviewing the parties' submissions and without oral argument pursuant to Local Civil Rule 78.1(b), the Court will grant Defendants' motion.

BACKGROUND

Plaintiff's action alleges three counts: one count under New Jersey's Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5–1 *et seq.*, and two counts under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Under the ADA, Plaintiff alleges both a violation of that statute and a hostile work environment claim.

Plaintiff alleges the following facts in her complaint. She is an employee of Defendant County of Monmouth. She suffers from a disability based on the fact that she has stage four kidney disease as well as permanent damage to both knees due to a car accident, which substantially impairs her ability to walk. Plaintiff states that Defendants were aware of her

1

disabilities because of Plaintiff's past requests to adjust her work schedule for doctors' appointments and because of her use of a cane.

On June 5, 2014, Defendant Tragno, also an employee of the County, called Plaintiff into his office along with three representatives of Defendant Geraldine L. Thompson Care Center for a thirty minute discussion. Tragno explained that he had received a complaint of someone urinating and defecating on the floor of a handicapped bathroom in the County administrative building and accused Plaintiff of doing this. Plaintiff alleges that Tragno asked her personal and embarrassing questions in the presence of the Care Center representatives. Plaintiff states that she told Tragno to speak with the Buildings and Grounds department about the complaint. During the meeting, Tragno was informed by that department's supervisor that there was no urine or feces on the floor of the handicapped bathroom; there was only water. After learning this, Tragno allegedly told Plaintiff not to tell anyone about his questioning of her. Plaintiff claims that no other person was ever questioned about the alleged urination or defecation on the floor of the bathroom.

Plaintiff initially filed a five-count complaint in state court, alleging violations of the NJLAD and the ADA, as well as common law claims for intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence. (ECF No. 1, Ex. 3). Defendants removed the matter to this Court on the basis of federal question jurisdiction on July 9, 2015. (ECF No. 1). Defendants then filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on July 29, 2015. (ECF No. 4). On September 18, 2015, the Court granted Defendants' motion to dismiss, dismissing the counts under the NJLAD and ADA without prejudice and the common law claims with prejudice. (ECF No. 9). Plaintiff filed an amended complaint on October 16, 2015 with the present claims under the NJLAD and the ADA. (ECF

No. 11).  On November 11, 2015, Defendants filed their second motion to dismiss, which is presently before the Court.  (ECF No. 12).

## DISCUSSION

A. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint, and the defendant bears the burden of showing that no claim has been presented. *See Hedges v. U.S.*, 404 F.3d 744, 750 (3d Cir. 2005); *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  When assessing a Rule 12(b)(6) motion, district courts conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  First, a court must "take note of the elements a plaintiff must plead to state a claim."  *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)).  Second, a court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff, although the court may disregard legal conclusions.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).  Third, a court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'"  *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679).  Bare allegations of entitlement to relief and demonstrations of a "mere possibility of misconduct" are insufficient; rather, the facts must allow a court reasonably to infer "that the defendant is liable for the misconduct alleged."  *Id*. at 210-11 (quoting *Iqbal*, 556 U.S. at 678-79).

B. Analysis

1. *Count I: NJLAD Violation*

"The NJLAD prohibits unlawful discrimination against an individual with respect to terms and conditions of employment because of various traits and characteristics, including, but

not limited to, race, religion, age, sex and disability." *Davis v. Supervalu, Inc.*, No. 13-414, 2013 WL 1704295, at *4 (D.N.J. Apr. 19, 2013) (citing N.J.S.A. 10:5–12(a)). Discrimination claims under the NJLAD are assessed under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Victor v. State*, 4 A.3d 126, 141 (N.J. 2010). To assert a prima facie case of discrimination under the NJLAD, a plaintiff must establish that she "(1) belongs to a protected class; (2) was performing a job at a level that met the employer's legitimate expectations; (3) suffered an adverse employment action; and (4) others not within the protected class did not suffer similar adverse employment actions." *Maclean v. Stuart Weitzman Shoes*, 863 F. Supp. 2d 387, 391 (D.N.J. 2012) (citing *Zive v. Stanley Roberts, Inc.*, 867 A.2d 1133 (N.J. 2005)).

The court must examine whether the plaintiff has demonstrated an "adverse employment action" on a case-by-case basis. *Victor v. State*, 952 A.2d 493, 504 (N.J. Super. Ct. App. Div. 2008), *aff'd as modified*, 4 A.3d 126 (2010). "An adverse employment action is easily satisfied by evidence of a failure to hire or by a firing. At the other end of the spectrum, we have held that unfavorable evaluation[s], unaccompanied by a demotion or similar action or a job reassignment with no corresponding reduction in wages or status is insufficient." *Id.* (internal citation omitted). But ultimately, "an employer's adverse employment action must rise above something that makes an employee unhappy, resentful or otherwise cause an incidental workplace dissatisfaction." *Id.* at 505.

Here, Defendants assert that Plaintiff fails to present facts to satisfy elements two and three of a prima facie case under the NJLAD. First, Defendants claim that Plaintiff fails to adequately allege that she was performing her job at a level that met the employer's expectations.

Second, Defendants argue that Plaintiff fails to identify any adverse employment action taken against her.

As to Plaintiff's job performance, the Court agrees that Plaintiff fails to address this element in her amended complaint. This alone would require the Court to dismiss this count of the complaint. In addition, the Court agrees that Plaintiff fails to identify any adverse employment action that she suffered. Plaintiff alleges that the humiliation she suffered in the meeting prevented her from coming to work the next day, made it difficult for her to concentrate, left her in a constant state of anxiety at work, and left her in fear of experiencing another incident. (Compl. ¶¶ 33-36, ECF No. 11). While these circumstances are unfortunate, these allegations do not amount to an adverse employment action under the NJLAD. Plaintiff was not fired, nor did she experience any demotion or a pay cut. She continues to operate in the same position. And she did not allege any concrete change in the terms or conditions of employment beyond her own fear and anxiety while on the job. As the Appellate Division stated, an employee's incidental workplace dissatisfaction does not amount to an adverse employment action.

Plaintiff has not alleged sufficient facts for the Court to reasonably infer that the second and third required elements of a prima facie NJLAD claim are satisfied. Therefore, Count I will be dismissed.

   2. *Count II: ADA Violation*

The ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). In order to demonstrate a prima facie case of discrimination under the ADA, a plaintiff must show "(1) [s]he is a disabled person within the meaning of the ADA; (2) [s]he is otherwise qualified to perform the essential functions of the

job, with or without reasonable accommodations by the employer, and (3) [s]he has suffered an otherwise adverse employment decision as a result of discrimination." *Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 761 (3d Cir. 2004) (internal citations omitted).

Defendants argue that Plaintiff's ADA claim must be dismissed because Plaintiff fails to allege that she suffered an adverse employment action under the ADA. Defendants also state that Plaintiff fails to adequately plead that Defendants discriminated against her *because of* her claimed disabilities. The Court agrees that Plaintiff fails to show that an adverse employment action occurred. An adverse employment action is one that is "serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment." *Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 764 (3d Cir. 2004). "Minor actions, such as lateral transfers and changes of title and reporting relationships, are generally insufficient to constitute adverse employment actions." *Langley v. Merck & Co.*, 186 F. App'x 258, 260 (3d Cir. 2006).

As discussed above, Plaintiff alleges that the humiliation she suffered prevented her from coming to work the following day, impaired her concentration, made her constantly anxious at work, and made her fear that she would experience another incident. (Compl. ¶¶ 33-36, ECF No. 11). However, these allegations do not amount to an adverse employment action under the ADA. Plaintiff fails to allege any tangible change in circumstances, such as a firing, demotion, or pay cut. Nor does Plaintiff allege even a minor adverse employment action, such as a lateral transfer or change of title. Because Plaintiff does not allege facts sufficient to show that an adverse employment action occurred, she has failed to state a required element of an ADA claim. Therefore, Count II will be dismissed.[1]

---

[1] Because the Court finds that Plaintiff fails to show that an adverse employment action occurred, we will not reach Defendants' argument that Plaintiff fails to adequately plead that Defendants discriminated against her because of her claimed disabilities.

   3.   *Count III: Hostile Work Environment Claim under the ADA*

The ADA also protects employees from being subject to a hostile work environment because of their disability. *See Walton v. Mental Health Ass'n of Se. Pa.*, 168 F.3d 661, 667 (3d Cir. 1999). In order to demonstrate a prima facie case of a hostile work environment, a plaintiff must show that she was subject to harassment on the basis of her disability and that "the harassment was sufficiently severe or pervasive to alter the conditions of her employment and to create an abusive working environment." *Stough v. Conductive Techs., Inc.*, 613 F. App'x 145, 149 (3d Cir. 2015) (quoting *Walton*, 168 F.3d at 667). The environment must be shown to have been objectively hostile or abusive, and the plaintiff must have subjectively perceived it as such. *See Walton*, 168 F.3d at 667. "[O]ffhand comments[ ] and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" *Stough*, 613 F. App'x at 149 (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)).

   Defendants argue that the thirty-minute meeting with Plaintiff did not result in conduct that was severe or pervasive enough to change the conditions of Plaintiff's employment. The Court agrees. While the conversation must have been difficult for Plaintiff, the meeting was an isolated incident. Such incidents generally do not amount to a discriminatory change in the terms and conditions of employment, and Plaintiff has not shown that this incident was so serious that the incident rose to the level of changing the conditions of her employment. Moreover, Plaintiff focuses on her subjective experience of the environment as hostile and does not show that the environment was objectively hostile, as required to make out a prima facie case. Because Plaintiff has not shown that her employer's conduct was so severe or pervasive to alter the conditions of her employment, she does not present adequate facts to support one of the

required elements of a prima facie hostile work environment claim.  Therefore, Count III will be dismissed.

## CONCLUSION

    For the reasons above, the Court will grant Defendants' motion to dismiss.  A corresponding order follows.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.
